IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 17, 2003

## MONTE BOUNDS, ET AL. v. ZELLA CUPP

**Appeal from the Chancery Court for Knox County**
No. 153706-3     Sharon Bell, Chancellor

**FILED NOVEMBER 25, 2003**

**No. E2003-00692-COA-R3-CV**

The appellees filed suit against the appellant, alleging that the appellees, Lawrence R. Bozeman and wife, Imogene Bozeman ("the appellees Bozeman"),[1] owned a 12-foot wide easement accross the property of the appellant. The appellant filed an answer, relying upon "the affirmative defense of abandonment plus adverse possession by the [appellant]." Following a plenary trial, the court below found that the appellees Bozeman had an express easement across the property of the appellant and that they "ha[d] not taken action of clear and unmistakable character indicating an abandonment of the easement."[2] The appellant contends on this appeal that the trial court erred in failing to find abandonment of the easement. Since there is no transcript or statement of the evidence in the record before us, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and D. MICHAEL SWINEY, JJ., joined.

James D. Hutchins, Dandridge, Tennessee, for the appellant, Zella Cupp.

John M. Norris, Strawberry Plains, Tennessee, for the appellees, Monte Bounds and wife, Pamela Bounds, and Lawrence R. Bozeman and wife, Imogene Bozeman.

**MEMORANDUM OPINION**

---

[1] The other plaintiffs-appellees, Monte Bounds and wife, Pamela Bounds, according to the complaint, have contracted to purchase the appellees Bozeman's property, to which the easement is attached.

[2] The appellant apparently abandoned her defense of adverse possession. In any event, she makes no issue on this appeal regarding this defense.

In effect, the appellant's issue asks us to hold that the evidence preponderates against the trial court's determination that the appellant failed to show an abandonment of the easement. *See* Tenn. R. App. P. 13(d). In support of her position, the appellant refers in her brief to the testimony of a number of witnesses who apparently appeared before the trial court. Without a transcript or statement of the evidence, we cannot make this preponderance-of-the-evidence judgment. As we said in *Sherrod v. Wix*, 849 S.W.2d 780 (Tenn. Ct. App. 1992),

> [w]hen a trial court decides a case without a jury, it's [sic] findings of fact are presumed to be correct unless the evidence in the record preponderates against them. Tenn. R. App. P. 13(d). This court cannot review the facts de novo without an appellate record containing the facts, and therefore, we must assume that the record, had it been preserved, would have contained sufficient evidence to support the trial court's factual findings.

*Id*. at 783.

Pursuant to the provisions of Rule 10 of the Rules of the Court of Appeals,[3] we affirm the judgment of the trial court. Costs on appeal are taxed to Zella Cupp. This case is remanded to the trial court for enforcement of the trial court's judgment and for collection of costs assessed below, all pursuant to applicable law.

_____
CHARLES D. SUSANO, JR., JUDGE

---

[3]Rule 10 of the Rules of the Court of Appeals provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.